## THOMPSON v. ADAMS.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. SERVANTS—WAGES—ACTION—EVIDENCE.

    In an action by a domestic servant for four years' wages, defendant pleaded payment. He testified, and plaintiff admitted, that she made no claim when she left defendant's service. Three months afterwards she wrote a letter demanding payment. This was admitted in evidence. *Held* error to exclude the letter referred to in it as coming from defendant's wife, and reading: "It is the wish of both Mr. A. and myself that you keep away from our home, as you set a very bad example for our daughter, with your indecent actions," etc.; the latter letter bearing on the motive and good faith of plaintiff, and the justice of her claim.

Appeal from Westchester County Court.

Action by Nettie Thompson against Charles E. Adams. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Frederick W. Sherman, for appellant.

David Verplanck, for respondent.

PER CURIAM. This is an action brought by a domestic servant for $792 for wages from February 1, 1896, to September 1, 1901. She alleged that she had received but $24 during that period. The plaintiff was uncorroborated. The defendant pleaded payment. He testified that the plaintiff made no claim when she left his service, but after an absence of three months she wrote a letter inclosing her bill for services and demanding payment. The letter and bill were read in evidence without objection. The letter ran:

"This is the answer to the letter you told your wife to write to me. Many thanks fore it and am very glad to know you think so well of me since I left your place. Now I have seen a party about this bill and they told me you would have to pay it, so I will give you just one week to deside in what you will do and if I don't here from you in a week I shall know you don't intend to pay me, and then I shall get some one to collect it fore me."

The defendant then called upon the plaintiff to produce the letter referred to. This was done, and the defendant offered it in evidence. This was objected to, and excluded under exception. The letter read as follows:

"Mrs. N. Thompson: It is the wish of both Mr. Adams and myself that you keep away from our home as you set a very bad example for our daughter with your indecent actions. One would naturally think that now being married that you would have enough with one husband and stop running after a single man, which is not the actions of a lady. [Sig.] Mrs. C. E. Adams."

We think that this letter should have been admitted. This is a claim for almost the entire total wages (which, presumably, were payable monthly) for four years. The defendant testifies and the plaintiff admits that she said nothing about her claim when she left service until she wrote the letter in evidence. It is quite apparent that the writing is that of an angry woman, who specifically states that it is an answer to a letter theretofore received by her. The letter rejected bore upon the motive and the good faith of the plaintiff, and the justice of her claim.

The judgment and order should be reversed, and a new trial ordered; costs to abide the event. All concur.